IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAQUELL JONES, #08005-510, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 24-cv-02411-JPG |
| | ) |
| BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Jaquell Jones, an inmate who is in the custody of the Federal Bureau of Prisons and currently incarcerated at the United States Penitentiary in Marion, Illinois (USP-Marion), brings this action against the Bureau of Prisons (BOP) pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80.  In the Complaint, Plaintiff claims that USP-Marion officials negligently took his property worth $1,500 when the prison guards transferred him to the special housing unit (SHU) on or around July 2024. (Doc. 1).  Property officers never gave him a property sheet and never returned his property.  After learning that his property was mishandled, Plaintiff filed this action under the FTCA, and he also plans to use the prison's administrative remedies process to seek return of the property or compensation.  *Id*.

The Complaint is now subject to screening under 28 U.S.C. § 1915A, which requires the Court to review prisoner complaints and filter out portions that are legally frivolous or malicious, fail to state a claim for relief, or request money damages from an immune defendant.  28 U.S.C. § 1915A(a)-(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

Based on these allegations, the Court finds it convenient to designate the following claim in the *pro se* Complaint (Doc.1):

**Count 1:**  FTCA claim against BOP for the loss of Plaintiff's personal property worth $1,500 at USP-Marion on or around July 2024.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

Plaintiff brings a single claim under the FTCA. The FTCA authorizes "civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The Complaint falls short of stating a claim and shall be dismissed.

First, Plaintiff's claim is barred by the doctrine of sovereign immunity. When enacting the FTCA, Congress waived the United States' sovereign immunity for suits alleging injury, including property loss, attributable to the negligence of federal employees acting within the scope of their employment. *See Abdulqader v. United States*, 596 F. App'x 515, 516 (7th Cir. 2015) (citing 28 U.S.C. §§ 1346(b)(1), 2671-2680). In *Ali v. Federal Bureau of Prisons*, 552 U.S. 214 (2008), however, the United States Supreme Court held that § 2680(c) excludes from this waiver claims involving the negligent handling of detained property by prison guards. *Id*. at 216, 228. Both the United States Supreme Court and Seventh Circuit Court of Appeals have now held that sovereign

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

immunity bars an inmate's claim alleging that the BOP lost or mishandled personal property during a prison transfer. *Ali*, 552 U.S. at 216-17; *Abdulqader*, 596 F. App'x at 516. This Court reaches the same conclusion. The FTCA claim in Count 1 must be dismissed with prejudice on this ground.

In addition, Plaintiff named the wrong defendant when he named the Bureau of Prisons. The only proper defendant in an FTCA action is the United States. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); 28 U.S.C. § 2679(b). When naming defendants, a federal agency is not the same as the United States. The Seventh Circuit Court of Appeals has explained that "[g]overnment agencies do not merge into a monolith; the United States is an altogether different party." *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). Absent "explicit authorization to the contrary," a plaintiff cannot sue a federal agency directly under the FTCA. *See* 28 U.S.C. § 2679; *Russ v. United States*, 62 F.3d 201, 203 n.1 (7th Cir. 1995). Moreover, this Court will not substitute the United States in place of the BOP. Plaintiff is in the best position to decide who to sue, and he must name each defendant in the case caption of the complaint or in the list of defendants. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005).

Finally, Plaintiff admits that he did not exhaust his remedies before bringing this suit. (Doc. 1, p. 2). A Complaint fails to state a claim upon which relief may be granted and is subject to dismissal when it is clear from the face of the complaint that a plaintiff has not exhausted his available remedies. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) ("[T]he existence of a valid affirmative defense is so plain from the face of the complaint that suit can be regarded as frivolous"). Plaintiff's failure to exhaust his remedies provides separate and independent grounds for dismissing this suit.

The Complaint does not survive screening under 28 U.S.C. § 1915A and shall be dismissed. Because the claim is barred by the doctrine of sovereign immunity, the dismissal of

the case shall be with prejudice for failure to state a claim. An amendment of the complaint would be futile under the circumstances.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1), including **COUNT 1** against Defendant **BUREAU OF PRISONS**, is **DISMISSED with prejudice** for failure to state a claim. Because no other claims remain pending, the entire action is **DISMISSED** with prejudice. Plaintiff is **ADVISED** that this dismissal counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

DATED: 12/18/2024　　　　　　　　　　　s/J. Phil Gilbert  
　　　　　　　　　　　　　　　　　　　　**J. PHIL GILBERT**  
　　　　　　　　　　　　　　　　　　　　**United States District Judge**